Entered on Docket
**November 06, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed November 06, 2008

_____
**Marilyn Morgan
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>**STEVEN PAUL KOHLER,**<br>Debtor. | Case No. 04-54120-MM<br>Chapter 7 |
| **JAN MARINI SKIN RESEARCH, INC.,**<br>Plaintiff,<br>vs.<br>**STEVEN PAUL KOHLER**,<br>Defendant. | Adv. No. 04-5336<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION OF JAN MARINI SKIN RESEARCH, INC. FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Before the court is the motion by the plaintiff, Jan Marini Skin Research, Inc. ("JMSR"), for summary judgment on its claim for nondischargeability of a debt for willful and malicious injury under 11 U.S.C. § 523(a)(6). The plaintiff asks that the court apply collateral estoppel to a state court judgment against the defendant, Steven Kohler, for misappropriation of trade secrets, inducing breach of contract, and intentional interference with prospective economic advantage. The judgment and the record on which the judgment is based are sufficient to support partial summary adjudication in the plaintiff's favor as to all issues except for malice.

# BACKGROUND

In 1999, the plaintiff brought an action in state court against Kohler for claims arising from the misappropriation of product formulas and customer lists in connection with a business venture that Kohler started after he left JMSR's employment. Following a four-month trial, a jury returned a verdict against Kohler for three intentional torts: misappropriation of trade secrets, inducing breach of contract, and intentional interference with prospective economic advantage. It awarded compensatory damages of $76,000.

The jury did not consider whether the misappropriation of trade secrets was willful and malicious for purposes of awarding attorneys' fees because the issue was not submitted to the jury. However, it specifically found that the plaintiff had not established by clear and convincing evidence that Kohler had acted with malice, oppression, or fraud for purposes of awarding punitive damages. On appeal, the judgment against Kohler was affirmed with some minor modifications that are not relevant to this decision. The Superior Court judgment against Kohler is now final.

Kohler filed a chapter 7 petition on June 30, 2004 following the close of evidence but before the entry of judgment; however, the plaintiff obtained an order granting retroactive relief from the automatic stay of § 362(a) so it could prosecute the state court action to judgment. It thereafter commenced this action to determine the dischargeability of the state court judgment.

JMSR has presented the state court judgment, the underlying complaint and answer, the jury instructions, the appellate opinion, and portions of the record from the state court trial in support of its request that I confer collateral estoppel effect to the judgment. The record shows that before Kohler commenced his business venture, a co-defendant wrote to him that:

> [W]e have a proprietary arrangement with Jan Marini Skin Research, Inc. Copying patented ingredients and formulas would place both [us] and you in a position of legal liability.

Counsel for JMSR also wrote to Kohler, as follows:

> Information concerning JMSR's suppliers, product formulas, and customers is considered a valuable trade secret of JMSR.
>
> Your use or attempted use of such information will not be tolerated by JMSR. Should you persist in such use, then JMSR has instructed us to file a lawsuit against you seeking direct, indirect, and punitive damages . . . .

Further, at trial, one of the witnesses testified that Kohler stated:

> That they're going to compete against Jan Marini, go after the same clients. They didn't care if she was hurt financially or if she was put out of business or her reputation was ruined, to that effect. . . . [T]hey had stated that she was a very difficult person to work for. They had called her some disparaging names and included the B name quite often.

Kohler countered with a declaration asserting that he never intended to harm or to act maliciously toward JMSR, that he was unaware of the contractual obligations between JMSR and the third party co-defendant that formed the basis for the misappropriation of trade secrets, and that he believed in good faith that he was simply engaging in fair competition. He contends that his declaration raises a triable issue of fact whether he acted willfully and maliciously. JMSR responds that the declaration is a sham declaration that must be stricken and cannot be introduced to raise a triable issue of material fact that would preclude summary judgment because the declaration directly contradicts Kohler's prior sworn testimony at trial.

## LEGAL DISCUSSION

### A. Summary Judgment Standard.

On summary judgment, the court must view all the evidence in the light most favorable to the non-moving party. In re Barboza, ___ F.3d ___, 2008 WL 4307451, at p.4 (9th Cir. Sept. 23, 2008). It may not grant summary judgment based on an assessment of the credibility of the evidence presented in support of or in opposition to the motion. Id.

### B. Collateral Estoppel Applies in Nondischargeability Proceedings.

JMSR asks that the court apply collateral estoppel to the state court tort judgment and findings against Kohler to determine that his debt is nondischargeable under § 523(a)(6). Collateral estoppel principles apply to bar relitigation in nondischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 fn.11 (1991). In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel. In re Bugna, 33 F.3d 1054, 1057 (9th Cir. 1994). Under California law, collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990), cert. denied, 500 U.S. 920 (1991). The party asserting the doctrine must establish: (1) the issue sought to

3

**MEMORANDUM DECISION AND ORDER ON MOTION OF JMSR FOR SUMMARY JUDGMENT**
Case: 04-05336   Doc# 57   Filed: 11/06/08   Entered: 11/06/08 15:46:17   Page 3 of 8

be precluded is identical to that decided in the former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001). The parties do not dispute that the state court judgment is final and on the merits and that Kohler is the same party to the former proceeding.

Section 523(a)(6) exempts from the discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. To prevail on a claim under § 523(a)(6), the plaintiff must establish by a preponderance of the evidence the following elements: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. In re Bammer, 131 F.3d 788, 791 (9th Cir. 1997). Tortious conduct as defined by state law is also a required element of a § 523(a)(6) claim. Lockerby v. Sierra, 535 F.3d 1038, 1040 (9thCir. 2008). Indeed, the Supreme Court has indicated that this exception to discharge applies to intentional torts, which the jury found. Kawaauhau Geiger, 523 U.S. 57, 61 (1998). Here, the only issue that the parties dispute for purposes of this motion is whether the debtor's conduct was willful and malicious. They do not appear to dispute that all other elements of a § 523(a)(6) claim have been satisfied by the judgment for collateral estoppel purposes.

### C. JMSR Has Established That Kohler's Conduct Was Willful.

JMSR asserts that the jury found Kohler's conduct to be both willful and malicious. However, courts must analyze the willful and malicious prongs of the dischargebability test separately. In re Sicroff, 401 F.3d 1101, 1105 (9th Cir. 2005), cert. denied, 545 U.S. 1139 (2005). A "willful" injury under § 523(a)(6) is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v Geiger, 523 U.S. at 61(emphasis in original). This requires a subjective intent to inflict an injury or the belief that injury was substantially certain to occur as a result of the conduct. In re Jercich, 238 F.3d 1202, 1208 (9th Cir. 2001), cert. denied, 533 U.S. 930 (2001).

Under California law, a prima facie claim for misappropriation of trade secrets requires that the plaintiff demonstrate that: (1) (s)he owned a trade secret; (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means; and (3) the defendant's actions damaged the

4

plaintiff. Cytodyn, Inc. v. Amerimmune Pharmaceuticals, Inc., 160 Cal. App. 4th 288, 297 (Cal Ct. App. (2d Dist.) 2008). A defendant who receives trade secret information from someone other than the plaintiff is liable for trade secret misappropriation if the plaintiff can show that the defendant knew or had reason to know that the information was a trade secret and that the use or disclosure was unlawful. Steinberg Moorad & Dunn, Inc. v. Dunn, 2002 WL 31968234, at 24 (C.D. Cal. Dec. 26, 2002).

The jury instructions for misappropriation of trade secrets provide:

> To recover any damages, Jan Marini Skin Research must prove . . . [t]hat Defendants: (a) used improper means to acquire knowledge of the trade secret; or (b) knew or had reason to know that their knowledge of the trade secret was either (1) derived from or through a person who had used improper means to acquire it; or (2) acquired under circumstances such that Defendants had a duty to maintain secrecy or limit its use; or (3) derived from or through a person who owed a duty to the claiming party to maintain its secrecy or limit its use.

Both counsel for JMSR and a co-defendant advised Kohler that the product formulas belonged to JMSR and that use of the formulas would place him at risk of liability to JMSR for damages. The evidence supports a finding that he had sctual knowledge that use of the trade secrets was unlawful.

Intentional interference with contractual relations requires proof of: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. Reeves v. Hanlon, 33 Cal.4th 1140, 1148 (2004). Intentional interference with prospective economic advantage requires proof of the existence of an economic relationship between the plaintiff and some third party with the probability of future economic benefit. Id. at 1152. The plaintiff must also prove that the defendant's interference was wrongful by some measure beyond the fact of the interference itself. Della Penna v. Toyota Motor Sales, USA, Inc., 11 Cal.4th 376, 393 (1995). For both torts, the requisite intent is the knowledge of the relationship and the intent to interfere with or disrupt that relationship. Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990).

The jury instructions included the following:

> To establish this Inducing Breach of Contract claim, Jan Marini Skin Research must prove . . . [t]hat . . . Kohler . . . intended to cause one or more of the persons listed above to breach her contract. . . .

> To establish its Intentional Interference with Prospective Economic Relations claim, Jan Marini Skin Research must prove . . . [t]hat . . . Kohler . . . intended to disrupt the relationship. . . .

The jury found Kohler liable for misappropriation of trade secrets, inducing breach of contract, and intentional interference with prospective economic advantage. Based on the jury instructions, it appears the jury verdict on the various tort claims subsumed findings that Kohler knew the information was a trade secret, that he knew his use was unlawful, and that he intended to interfere with or disrupt JMSR's relationship with third parties. I find that the requisite knowledge for these torts is identical to and satisfies the requirement of intent to inflict injury for a finding of willfulness under § 523(a)(6). For collateral estoppel purposes, the issue of Kohler's intent to injure was actually litigated and necessarily decided in the state court action. Under that circumstance, the requirements of collateral estoppel are satisfied, and relitigation of the issue of willfulness is precluded. See, e.g., Bugna, 33 F.3d at 1057.

### D. A Genuine Issue of Material Fact Remains as to Malice.

A "malicious" injury involves: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. In re Su, 290 F.3d 1140, 1146-47 (9th Cir. 2002). Kohler points out that the jury specifically found that JMSR did not show that Kohler acted with malice, oppression, or fraud under California Civil Code § 3294. However, for two reasons, I decline to attach to that finding any particular significance that would preclude further litigation. First, the definition of malice under California Civil Code § 3294 and under Bankruptcy Code § 523(a)(6) are different. In re Branam, 226 B.R. 45, 52-53 (B.A.P. 9th Cir. 1998), aff'd, 205 F.3d 1350 (9th Cir. 1999). "Malice," as defined in California Civil Code § 3294(c)(1), "means conduct which is intended by the defendants to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." As indicated above, "malice" under § 523(a)(6) involves a wrongful act that necessarily causes injury and that was done intentionally and without just cause or excuse.

Second, the standard of proof for malice under California Civil Code § 3294 and Bankruptcy Code § 523(a)(6) are different. Id. California Civil Code § 3294(c)(1) requires that malice be proven by clear and convincing evidence before punitive damages may be awarded. However, the elements of § 523(a)(6) must be proven by a preponderance of the evidence. Because the definition and standard

6

**MEMORANDUM DECISION AND ORDER ON MOTION OF JMSR FOR SUMMARY JUDGMENT**
Case: 04-05336    Doc# 57    Filed: 11/06/08    Entered: 11/06/08 15:46:17    Page 6 of 8

of proof differ, we don't know whether the evidence of malice, oppression, or fraud, if any, might have satisfied the lower preponderance standard. The party asserting preclusion must show with clarity and certainty what was determined by the prior judgment. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1321 (9th Cir. 1992). An examination of the record from the state court action, including the jury instructions, demonstrates that the question whether Kohler's conduct was malicious was not actually litigated or necessarily decided in the prior action. For these reasons, collateral estoppel does not preclude litigation of the issue of malice in this proceeding.

The question then arises whether there are sufficient facts from the state court record to support summary judgment on the issue of malice. One witness at trial testified that Kohler stated that he would compete with JMSR without regard to whether it was harmed financially, put out of business, or ruined. JMSR urges that I strike Kohler's declaration contradicting this testimony under the sham declaration rule. However, the rule contemplates the exclusion of a declaration that contradicts the witness' *own* prior sworn testimony. See Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806 (1999); Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). Because the sham declaration rule should be applied with caution, I decline to extend it to exclude a declaration offered to contradict the prior sworn testimony of other witnesses. Viewing the evidence in the light most favorable to Kohler as the non-moving party, a genuine issue of material fact arises as to whether his conduct was malicious. Consequently, that issue is reserved for trial.

## **CONCLUSION**

Based on the foregoing, partial summary adjudication is granted in favor of JMSR as to all issues under § 523(a)(6) other than malice.

Good cause appearing, **IT IS SO ORDERED.**

**\* \* \* END OF ORDER \* \* \***

7

**MEMORANDUM DECISION AND ORDER ON MOTION OF JMSR FOR SUMMARY JUDGMENT**

Case: 04-05336   Doc# 57   Filed: 11/06/08   Entered: 11/06/08 15:46:17   Page 7 of 8

Adv. No. 04-5336

## SERVICE LIST

STEPHANIE O SPARKS
HOGE FENTON JONES & APPEL INC
60 S MARKET ST SUITE 1400
SAN JOSE CA 95113-2396

J PHILIP MARTIN
KASTNER BANCHERO LLP
2465 E BAYSHORE RD SUITE 405
PALO ALTO CA 94303

8

**MEMORANDUM DECISION AND ORDER ON MOTION OF JMSR FOR SUMMARY JUDGMENT**
Case: 04-05336    Doc# 57    Filed: 11/06/08    Entered: 11/06/08 15:46:17    Page 8 of 8